## ROSE GORDON
### vs.
## CITY OF NEW HAVEN, ET AL.

Superior Court      New Haven County      File #49634

Present:    Hon. ERNEST A. INGLIS, Judge.

Nelson Harris;
Pond, Morgan & Morse,      Attorneys for the Plaintiff.

David S. Rivkin;
D. L. O'Neill;
M. C. Gold;
Hoyt, Sweedler & Hoyt,      Attorneys for the Defendants.

## MEMORANDUM FILED JUNE 9, 1937.

INGLIS, J. On February 1st, 1936, at about 5:15 o'clock P. M., the plaintiff, while walking in a northerly direction on Broad Street in New Haven, slipped on a patch of ice on the sidewalk and fell a short distance north of Oak Street in front of premises owned by the defendant The Connecticut Savings Bank, the ground floor of which was occupied by the defendant Goldberg.

The patch of ice had been on the sidewalk for several days but had been well covered by sand or ashes except for some brief periods after the sand or ashes had been removed by reason of children sliding thereon. On the day in question the ice had been sanded at about nine o'clock in the morning and had been covered with ashes again between eleven in the morning and twelve noon. As late as just before 4:30 o'clock in the afternoon the mixture of sand and ashes thoroughly covered the ice and the sidewalk was safe for use. At sometime between then and the time the plaintiff fell enough of the abrasive material was removed by children sliding so that a stretch of ice four or five feet long was left bare and slippery. There is however no evidence which would justify a finding as to when the abrasive material was removed or as to how long the slippery condition had existed prior to the plaintiff's fall. It therefore cannot be found that either the City of New Haven, or the abutting owner (if the obligation to keep the sidewalk free or protected from ice was upon it under **No. 330, Special Acts of 1935**) had failed to use reasonable care to keep the sidewalk in question reasonably safe.

The plaintiff also claims that the defendant, The Connecticut Savings Bank, had created a nuisance in that water coming from a broken water pipe in its building had flowed out under a door and had frozen into ice on the sidewalk. It cannot be found on the evidence, however, that any act or negligence on the part of that defendant caused that condition. On the contrary it is found that the defendant exercised every reasonable precaution by way of chopping and sanding the ice so formed to prevent it from becoming dangerous to pedestrians on the sidewalk. Moreover, it is clear from the evidence that the ice so formed extended only about six inches out from the

face of the building. That being the case that particular ice could not have been the cause of the plaintiff's fall because, although she was walking close enough to the building so that she steadied herself by placing her hand against the face of the building, certainly neither of her feet came within six inches of the building as she walked along.

The plaintiff also offered evidence that some water was dripping from two cornices on the building at the time the plaintiff fell, and claims that therefore The Connecticut Savings Bank should be held liable on the theory that thereby it had created a nuisance. The evidence, however, does not justify a finding that the ice upon which the plaintiff fell had been made as a result of any dripping from the cornices and even though it did, it could not be found that the construction or condition of repair of either of the cornices was faulty. For those reasons The Connecticut Savings Bank is not liable on that score.

There is no theory upon which the defendant Goldberg may be held liable.

Judgment may enter for the defendants to recover of the plaintiff their taxable costs.